

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7199 | **DATE** | 4/15/2002 |
| **CASE TITLE** | Rockwell Technologies, LLC vs. Corning, Inc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

### DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. We stay the prosecution of the claims against Lasertron in this case and, in the interest of justice, we transfer the case to the district of Delaware.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | APR 1 6 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 39 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 APR 15 AM 10:35 | date mailed notice | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROCKWELL TECHNOLOGIES, LLC, )
)
       Plaintiff, )
)
       vs. ) No. 00 C 7199
)
CORNING, INC. and CORNING )
LASERTRON, INC., )
)
       Defendants. )

**DOCKETED**
**APR 1 6 2002**

## MEMORANDUM OPINION AND ORDER

Plaintiff Rockwell Technologies, LLC (Rockwell) sues Corning, Inc. and Corning Lasertron, Inc. for patent infringement. Corning Lasertron, Inc. (Lasertron) now moves to dismiss and Corning, Inc. (Corning) moves to transfer the case to the District of Delaware pursuant to 28 U.S.C. §1404(a).

Lasertron is a wholly-owned subsidiary of Corning. It concedes that it purchased epiwafers from IQE (Europe), Ltd. (IQE). Plaintiff claims that the epiwafers were manufactured by a process infringing its process patent. IQE has brought a declaratory judgment against Rockwell in federal court in Delaware, attacking both the validity of the patent and the claim of infringement. That case is scheduled for trial next January. Rockwell, in turn, has, through its successor in interest, Rockwell Automation, Inc. (for convenience, also Rockwell), sued nine other customers of IQE in Delaware for patent infringement. There is also, apparently, another suit by Rockwell in Delaware against an IQE customer. It is scheduled for trial in July 2002. Finally, Lasertron has filed a declaratory judgment action against Rockwell in Delaware.



The parties have engaged in extensive briefing, dealing with a number of issues. Lasertron insists it is not subject to suit in Illinois. Rockwell disagrees. Corning argues that it is but minimally involved and that, except possibly for some research, it is a customer and it makes no sense to have this case proceed here when the suits involving the manufacturer and the other customers are in Delaware. Rockwell contends that the suit cannot be transferred there because Lasertron cannot be sued in Delaware and therefore that is not a place where the suit might have been brought. Corning argues that it was the only defendant when the suit was filed -- the suit as originally filed could have been filed in Delaware -- and that timing controls. Rockwell complains that Corning wants to move this dispute to Delaware to create attorney conflicts. Corning represents that it is willing to work out an agreement to waive any conflicts.

Perhaps Lasertron cannot be sued here. Perhaps we cannot transfer the claims against that defendant to Delaware. We do not believe, however, that the answers to those issues or other issues raised by the parties control here. The simple fact is that the suit by Lasertron against Rockwell remains pending in Delaware, although summons has not issued. That means Rockwell can pursue its claims against Lasertron there. Indeed, they are compulsory counterclaims. Lasertron has submitted to the jurisdiction of the Delaware district court. All the '098 patent cases have been localized in Delaware except this case, and it would be a waste of judicial resources (and the resources of the litigants as well) if what is essentially a customer case were to proceed here when a more advanced case against the manufacturer and cases against or by other customers, including Lasertron, and involving essentially the same issues, were proceeding there. We stay the prosecution of the claims against Lasertron in this case

and, in the interest of justice, we transfer the case to the district of Delaware. The court there can, obviously, lift that stay if it believes those claims could have been prosecuted in Delaware. That should not, however, be necessary, as Lasertron is already before that court and Rockwell can raise the same claims as counterclaims.

*James B. Moran*
JAMES B. MORAN
Senior Judge, U. S. District Court

April 15, 2002.